IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JAMES R. KING,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 1:12-CV-1715-VEH** |
| | ) |
| **CVS CAREMARK** | ) |
| **CORPORATION, a/k/a CVS** | ) |
| **PHARMACY, and CODY** | ) |
| **BERGUSON,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

Plaintiff James R. King ("Mr. King") initiated this job discrimination case against Defendant CVS Caremark Corporation ("CVS") and Cody Berguson ("Mr. Berguson") on April 27, 2012. (Doc. 1). The court has before it Defendants' Motion To Dismiss For Improper Venue, Or Alternatively To Transfer Venue (the "Venue Motion") (Doc. 8) which was filed on June 18, 2012.

In the Venue Motion, Defendants seek to have this case dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or alternatively transferred from the Eastern Division of the Northern District of Alabama to the Middle one

pursuant to 28 U.S.C. § 1404(a).  (Doc. 8 at 1).  Mr. King filed his opposition (Doc. 9) on July 2, 2012.  Defendants elected not to reply.  For the reasons explained below, the Venue Motion is **DENIED**.

**II.     STANDARDS**

    **A.     Venue**

The parties are in agreement that the standard federal venue statute applies here.  28 U.S.C. § 1391 governs venue generally in federal court and provides in part:

> (a) Applicability of section.--Except as otherwise provided by law--
>
> > (1) this section shall govern the venue of all civil actions brought in district courts of the United States; and
> >
> > (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature.
>
> (b) Venue in general.--A civil action may be brought in--
>
> > (1) <u>a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located</u>;
> >
> > (2) <u>a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred</u>, or a substantial part of property that is the subject of the action is situated; or
> >
> > (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal

jurisdiction with respect to such action. . . .

(d) Residency of corporations in States with multiple districts.--For purposes of venue under this chapter, <u>in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State</u>, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(a)-(b), (d) (emphasis added).

## B.     Forum Non Conveniens

28 U.S.C. § 1404 governs change of venue and states in relevant part:

For the convenience of parties and witnesses, in the interest of justice, a district court <u>may transfer any civil action to any other district or division where it might have been brought</u> or to any district or division to which all parties have consented.

*Id.* (emphasis added).

## C.     Curing Venue Defects

28 U.S.C. § 1406(a) addresses a district court's options when venue is improper:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, <u>or if it be in the interest of justice, transfer</u> such case to any district or division in which it could have been brought.

*Id.* (emphasis added).

### III.     ANALYSIS

#### A.      **Dismissal Due To Improper Division**

The court easily rejects Defendants' contention that a dismissal of this lawsuit due to improper divisional venue is appropriate. In particular, the parties are in agreement that venue is proper within the Northern District of Alabama, and § 1391 only addresses venue in the context of districts, <u>not divisions</u>.

28 U.S.C. § 1393 is the former federal statute that governed divisional venue. However, "[w]hen 28 U.S.C. § 1393 was repealed effective February 17, 1989 by Public Law 100–702, the concept of divisional venue disappeared." *Bishop v. C & P. Trucking Co., Inc.*, 840 F. Supp. 118, 119 (N.D. Ala. 1993). Additionally, although "[t]he repeal of § 1393 does not abrogate local rules respecting divisional venue[,] . . . the Northern District of Alabama has not adopted any local rules respecting divisional venue." *Id.* (citation omitted).

Finally, even if Defendants were able to show that improper divisional venue exists in this instance, under § 1406(a) the court would still have the option of transferring the case to a proper division "in the interest of justice" which alternative it would undoubtedly exercise over a dismissal under these circumstances. Accordingly, Defendants' suggestion that this case should be dismissed for want of divisional venue misses the mark and such request for relief is **DENIED**.

### B. Transfer From Eastern To Middle Division

Alternatively, Defendants desire to have this lawsuit transferred to the Middle Division because of the lawsuit's relationship with St. Clair County. Assuming without deciding that a divisional transfer on the basis of forum non conveniens is still appropriate in the Northern District of Alabama despite the lack of any local divisional rules, the court, in its discretion, declines to make such a transfer in this instance.

It has generally been held that "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981),[1] *disagreement on other grounds recognized by Brumfield v. Jones*, 849 F.2d 152 (5th Cir. 1988). With regard to forum non conveniens, "Defendants . . . bear the burden of proof, and must make a convincing showing of the right to transfer." *Mason v. Smithkline Beecham Clinical Lab.*, 146 F. Supp. 2d 1355, 1363 (S.D. Fla. 2001). In making its determination, the court should consider, among other factors: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.2 (11th Cir. 2005).

Here, Defendants have not carried their burden of demonstrating that convenience and other factors clearly favor a divisional transfer. Therefore, Mr. King's choice of forum should control. In particular, as Mr. King has explained (and as Defendants have not disputed), his home is actually closer in miles to the federal courthouse in Anniston (*i.e.*, located in the Eastern Division) than the one in Gadsden (*i.e.*, located in the Middle Division). (Doc. 9 at 7). The same is true for CVS which is located in Pell City. (*Id.* at 7-8). The travel for Mr. Berguson, who resides in Birmingham, is equal for either division. (*Id.* at 8).

Defendants' statements about the domiciles of key nonparty witnesses are too broadly phrased to satisfy that factor. In particular, the court is unwilling to order a divisional transfer based vaguely upon Defendants' "information and belief, [that] those individuals reside in or near St. Clair County." (Doc. 8 ¶ 6; Doc. 8-1 ¶ 6).

The other factors are similarly lacking in convincing support for Defendants as Mr. King has outlined in his opposition. For example, Defendants have not

explained and the court cannot envision how the costs and procedures for obtaining witnesses will be any appreciably more expensive in the Eastern Division than in the Middle. Additionally, because the situs of material events occurred in Pell City, the courthouse located in Anniston of the Eastern Division is actually the closer federal forum as pointed out above.

Finally, the case authorities upon which Defendants rely are significantly distinguishable (and therefore also unpersuasive) as they involve district transfers as opposed to divisional ones. Thus, the jury burden argument embraced by the district court in *Bell v. K Mart Corp.*, 848 F. Supp. 996, 999 (N.D. Ga. 1994), does not apply in the divisional context, *i.e.*, the jurors from the Eastern Division do have a connection to this litigation as it arises in the Northern District of Alabama, the very federal district in which they reside.[2] Therefore, the Venue Motion is also **DENIED** on forum non conveniens grounds.

IV.   **CONCLUSION**

Accordingly, the Venue Motion is **DENIED**. Additionally, the clerk is **DIRECTED** to place Mr. King's unredacted charge (Doc. 8-2) under seal as he has

---

[2] The court is also aware, although the parties may not be, that the Eastern and Middle divisions are combined for the purposes of jury venire. Thus, the same pool of persons will constitute the venire, no matter whether the case is an "Eastern" division case or a "Middle" division case.

requested in his opposition due to the private information disclosed therein in contravention of the E-Government Act of 2002. (Doc. 9 at 20).

**DONE** and **ORDERED** this the 20th day of July, 2012.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge