IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JAMES R. KING,** | ] |
| Plaintiff, | ] |
| v. | ] |
| | ]  CASE NO.: 1:12-cv-01715-KOB |
| **CVS HEALTH CORPORATION** | ] |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

On August 2, 2016, the court entered a third amended final judgment requiring that CVS reinstate James King to the pharmacist position he held prior to his termination. Now before the court is CVS's motion to alter or amend that judgment. (Doc. 273). Because CVS fails to show good cause why the judgment of the court should be altered, the court **DENIES** the motion.

**I.    JURISDICTION**

CVS has appealed the third amended final judgment in this case to the Eleventh Circuit Court of Appeals. *See* (Doc. 274). CVS also filed a motion in this court to amend or alter that judgment. When an appeal is filed, a district court's jurisdiction over the subject matter appealed is terminated. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") However, a district court may "consider and deny such motions, but . . . if it indicates that it will grant the motion, the appellant should then make a motion in the Court of Appeals for a

1

remand of the case in order that the district court may grant such motion." *Markel Ins. Co. v. Bush*, 308 B.R. 913, 916 (N.D. Ala. 2004) (citing *Ferrell v. Trailmobile*, 223 F.2d 697 (5th Cir. 1955)[1]). Therefore, the court has jurisdiction to deny CVS's motion.

## II.     STANDARD OF REVIEW

Whether to grant a motion to reconsider under Federal Rule of Civil Procedure 59(e) or 60(b) rests with the discretion of the trial court. *See Smith v. Casey*, 741 F.3d 1236, 1241 (11th Cir. 2014). Newly discovered evidence or a manifest error of law or fact are the only grounds for reconsideration. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

A motion to reconsider "must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fidelity & Deposit of Maryland v. Am. Consertech, Inc.*, 2008 WL 4080270, at *1 (S.D. Ala. Aug. 28, 2008) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993)). "Reconsideration is an *extraordinary* remedy that should be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Sonnier v. Computer Programs & Systems, Inc.*, 168 F. Supp. 2d 1322, 1336 (S.D. Ala. 2001).

## III.    BACKGROUND

Recitation of the complete history of this litigation would be a novel-length endeavor. Instead, the court will briefly highlight the particular facts pertinent to resolving this motion.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Mr. King sued CVS alleging, among other claims, that he was illegally discriminated against on the basis of his age. After a trial, the jury found that CVS willfully discriminated against Mr. King because of his age and that he was entitled to compensatory damages. Mr. King also sought the equitable remedies of reinstatement and front pay. In the third amended final judgment, the court ordered that CVS promptly reinstate Mr. King to his former position. The court conditioned reinstatement on Mr. King's ability to pass a written assessment required of all CVS pharmacists. CVS now moves the court to alter or amend its judgment because of newly discovered evidence demonstrating that Mr. King is not qualified to practice pharmacy.

According to CVS, after the court entered its order requiring CVS to reinstate Mr. King, CVS contacted Mr. King to begin the process to reinstate him. Jeffery Hardage, a CVS Human Resources senior advisor, met with Mr. King on August 15, 2016. Mr. Hardage asked Mr. King what continuing education classes he had taken during the current license period. Mr. King responded that he had taken none. Mr. Hardage then asked what courses Mr. King had completed to renew his license previously. Mr. King said he could not recall. Mr. Hardage also inquired about Mr. King's certifications. Mr. King said he had not renewed his certifications since 2011 when he was terminated by CVS.

Mr. Hardage asked Mr. King about recent developments in pharmacy practice, specifically inquiring about a change in dispensing practices for the drug Naloxene. Naloxene, a medication to combat opioid overdoses, will soon be available without a prescription in Alabama. Mr. Hardage claims Mr. King asked what Naloxene was. Mr. King contends that he identified the drug for Mr. Hardage, but was unaware of any new administration procedures.

## IV.   DISCUSSION

CVS's only original grounds for opposition to reinstating Mr. King were that hostility

existed between Mr. King and CVS, he was past retirement age, and that he was not eligible to be re-hired because he had violated company policy. (Doc. 283 at 32). As the court has previously noted, "[o]nly after the court indicated its intent at the hearing to order reinstatement did counsel for CVS begin raising other factors to question the feasibility of reinstatement." (Doc. 264 at 20). The court deemed CVS's other arguments against reinstatement waived. (Doc. 283 at 32).

The court sees no reason to now revisit that decision. When it ordered CVS to reinstate Mr. King, the court said: "Whatever it takes to reinstate him has to be done with the only caveat that he has to pass the assessment to show that he is still capable of fulfilling the duties as a pharmacist." (Doc. 283 at 33). As discussed below, the evidence demonstrates that Mr. King is qualified and capable of fulfilling the position. Therefore, the court will not alter its judgment.

### A.  Pharmacist Virtual Job Tryout

The first piece of new evidence submitted by CVS is Mr. King's score on the Pharmacist Virtual Job Tryout ("VJT"). Mr. King scored a "moderate" on the VJT. CVS states that its policy is not to offer positions to applicants who score "moderate" on the assessment when remaining applicants have scored "strong." Unsurprisingly, CVS prefers the most qualified applicants it can get. However, by its own admission, CVS will hire an applicant with a "moderate" score. The score is "passing" within the meaning of the court's order conditioning Mr. King's reinstatement on him passing an assessment of his ability to work as a pharmacist. Mr. King's score on the VJT is not a good reason to alter the court's judgment.

### B.  **Continuing Education** and **Knowledge of New Pharmacy Practices and Procedures**

CVS puts forward three new pieces of evidence concerning Mr. King's continuing education credits and knowledge of current pharmacy practices. First, CVS states that Mr. King

could not recall which continuing education classes he had taken to renew his license during the 2013-2014 renewal period. Second, CVS also alleges that Mr. King had taken no continuing education classes since his license was last renewed. Third, CVS claims that Mr. King was not familiar with a recent Alabama Board of Pharmacy order regarding the protocol to dispense Naloxone, a medication used to treat opioid overdoses. CVS also contends that Mr. King interfered with his reinstatement by refusing to provide a list of his continuing education courses.

      None of these new revelations warrant altering the order to reinstate Mr. King. Mr. King has maintained his license to practice pharmacy. Given that the Alabama Board of Pharmacy saw fit to renew Mr. King's license, the court sees no reason to second-guess its decision that Mr. King was qualified to practice pharmacy merely because he now cannot remember the names of the particular courses he took. Further, the court does not believe that the fact Mr. King had taken no continuing education classes towards renewal of his next license evidences unfitness or disinterest in practicing pharmacy. If Mr. King had not taken the required continuing education credits and his license had lapsed the court's judgment might be different. But Mr. King did not let his license lapse. Mr. King has complied with every licensing requirement imposed by the Alabama Board of Pharmacy.

      Mr. King's unfamiliarity with a particular protocol *not yet in effect* is similarly unpersuasive to move the court to alter its judgement. Even if the court accepts CVS's narrative of the events, it does not view one anecdotal, subjective encounter as sufficient evidence to counteract the objective metrics of Mr. King's license to practice pharmacy and his passing score on the VJT.

      Further, the court is not persuaded that Mr. King interfered in his own reinstatement. The parties' narratives seem to show miscommunication rather than obstinance. Mr. King was not

informed he needed to provide CVS a list of the continuing education classes he had taken. The court also notes that Mr. King's counsel represents that they contacted CVS to determine what documentation Mr. King needed to produce and CVS did not mention a list of continuing education classes. Therefore, the court declines to alter its judgment based on this evidence.

### C.     Immunization and Other Certificates

CVS also argues that Mr. King's failure to obtain immunization, CPR, and blood borne pathogen certificates shows that Mr. King had no intention of continuing work as a pharmacist. But Mr. King offers an innocuous explanation: CVS used to provide that training to its pharmacists but changed its policy after his termination. The new evidence offered here is not of a "strongly convincing nature" to make the court revisit its judgment that Mr. King should be reinstated to his previous position. *See Fidelity & Deposit of Maryland*, 2008 WL 4080270, at *1.

### D.     Request for Front Pay

CVS argues that Mr. King's "request for front pay in lieu of reinstatement is tantamount to an admission it was never his intention to return to work at CVS or at any other pharmacy." (Doc 284 at 9–10). The court disagrees. Requesting front pay if the court finds reinstatement impractical does not mean Mr. King is not serious about returning to work. All Mr. King's request evidences is a desire for an alternative remedy if his preferred remedy is not chosen. The court previously rejected this same argument.

### E.     Stay of Reinstatement Order

Alternatively, CVS moves the court to stay its reinstatement order until after its appeal to the Eleventh Circuit is resolved. CVS argues that such time will permit an assessment of whether Mr. King is qualified for reinstatement. As the court has previously noted, Mr. King has waited long enough. (Doc. 264 at 28) ("He is entitled to a *final* final judgment."). The court sees no reason

to further delay Mr. King's recovery. The court **DENIES** CVS's request for a stay.

## V.     CONCLUSION

CVS's argues that because Mr. King did not score "strong" on the assessment coupled with other new evidence demonstrates that Mr. King is not qualified to practice pharmacy despite being licensed by Alabama State Board of Pharmacy to do so. The court wishes to ensure that Mr. King is qualified and expressed as much at the hearing. *See* (Doc. 283 at 35) ("I can certainly understand a concern by CVS . . . that he be up to speed with the requirements of being a pharmacist."). But the court is satisfied that Mr. King's license to practice pharmacy coupled with his passing score on CVS's own internal assessment should assuage any concerns raised by the new evidence CVS has provided to the court. Therefore, the court **DENIES** CVS's motion to alter or amend the judgment.

**DONE** and **ORDERED** this the 28th day of October, 2016.

_____

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE